RALPH H. PLUMB, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3370. Promulgated June 14, 1927.

VALUE OF LEASEHOLD.—Value of a tenant's leasehold acquired by inheritance on March 2, 1917, determined on the basis of the present value of the average annual difference between the amounts to be paid under the terms of the lease made in 1908 and the amounts which the beneficiary might have been required to pay had he made a new lease on March 2, 1917.

*Earl C. Mills, Esq.,* for the petitioner.
*John W. Fisher, Esq.,* for the respondent.

In this proceeding the petitioner seeks a redetermination of the income-tax liability for the year 1919, for which the Commissioner

has determined a deficiency of $7,403.28. The petitioner alleges error on the part of the Commissioner in failing to allow a value to a leasehold on real estate acquired by inheritance on March 2, 1917, and in consequence finding an incorrect profit on the sale by the petitioner in 1919 of a one-sixth interest in his business.

FINDINGS OF FACT.

The petitioner's father, Henry Plumb, acquired on March 27, 1908, a lease on Rooms 208 Walnut Street and 218 Sixth Avenue, in Des Moines, Iowa, consisting of 1,100 square feet of floor area, together with the basement belonging to these rooms, for a period beginning May 1, 1908, and ending April 30, 1928. The lease provided, among other things:

1. That the demised premises were to be used and occupied by the Lessee as a jewelry store and for no other purpose whatsoever.

2. That neither the Lessee nor others succeeding to the Lessee's estate in the term, will assign said term of this lease or suffer the same to be assigned by operation of law (except by devise on descent in case of the death of the Lessee) or otherwise, or let or underlet said premises or any part therof, or use or permit the same to be used for any purpose other than as herein specified.

The lease further provided:

Lessor is to put in a spiral stairway, leading from room 218 Sixth Avenue to the basement.

Lessor is to cut a door between the basement rooms.

Lessor is to take out the partition walls between rooms 600 Walnut Street and 218 Sixth Avenue, and is to refinish the walls and ceilings after these rooms have been made into one.

Lessor is to tile the floor, or that part of it, outside of the counters, cases, etc., as desired by the Lessee, except 52 inches along the east wall of the room.

Lessor is to close the door in the southeast corner of room 600 Walnut Street, and fill the space between the columns with one plate glass.

Lessor agrees that no other room in the Fleming Building, comprising the main building and the building west of it, formerly known as the O'Callaghan Building, shall be leased by it to a jeweler, during the term hereof.

Lessee is to have the privilege of assigning this lease to an incorporated company, which Lessee intends to form, the Lessee and other stockholders of the incorporated company agreeing to individually sign the guaranty attached hereto.

Lessee agrees to pay rent as follows:

The first five years, beginning May 1, 1908 and ending April 30, 1913, Five Hundred Dollars ($500) a month or Six Thousand Dollars ($6000) a year for three years; and Five Hundred Forty-one & 66/100 Dollars ($541.66) a month or Six Thousand Five Hundred Dollars ($6500) a year for two years.

And for the second five years, beginning May 1, 1913, and ending April 30, 1918, a rental of Five Hundred Eighty-Three Dollars & 33/100 ($583.33) a month or Seven Thousand Dollars ($7000.00) a year.

And for the third five years, beginning May 1, 1918, and ending April 30, 1923, a rental of Six Hundred Twenty-five Dollars ($625) a month or Seven Thousand Five Hundred Dollars ($7500) a year.

And for the fourth five years, beginning May 1, 1923, and ending April 30, 1928, a rental of Seven Hundred Eight & 33/100 Dollars ($708.33) a month or Eight Thousand Five Hundred Dollars ($8500) a year.

On March 2, 1917, the petitioner inherited a two-thirds interest in the business, assets, and leasehold, upon the death of his father, Henry Plumb.

On September 26, 1917, the petitioner leased an additional room, comprising 670 square feet, directly west of his other room at 602 Walnut Street, for a period from October 1, 1917, to April 30, 1928, at a rental of $500 a month. This space was inferior to that covered by the first lease, since it was an inside room and had one large pillar about the center of the area, whereas the first lease was on the corner and fronted on two streets. The lease provided, among other things:

Lessor agrees to remove partition between this room and the present Plumb Jewelry Store, room 600 Walnut, to plaster wall and ceilings affected by removal of said partition.

Lessor agrees to remove the present floor and install tiling such as is used in the present Plumb Jewelry Store.

Lessor agrees to replace the present Walnut Street door and transom with the necessary iron frame and one plate glass and replace the corridor door opening with plate glass, and install spiral stairway leading from what was formerly room 218 Sixth Avenue to the basement.

Lessee is to have the privilege of assigning this lease to an incorporated company, formed by lessee, the lessee continuing responsible under this lease.

On October 1, 1919, the petitioner sold a one-sixth interest in his business to his brother-in-law for $20,000 and in his income-tax return for the year 1919 claimed a loss of $17,500 on account of this transaction.

Floor space acquired under the lease made in 1908 covered a corner store room having a frontage on Walnut Street of 16½ feet and a frontage on Sixth Avenue of about 66 feet. The space acquired by the lease made in September, 1917, covered 670 square feet of floor space and the adjoining portion of the building fronting on Walnut Street. The growth of the City of Des Moines, and the surrounding tributary territory, has been steady and consistent from year to year from 1908 to the present time.

The lease acquired by the petitioner by inheritance on March 2, 1917, had a fair market value on that date of $33,200.

## OPINION.

TRUSSELL: The record contains the testimony of six witnesses, all of whom had had long experience in the ownership, management, and dealing in properties in the City of Des Moines, and they each gave opinion testimony as to the value of the petitioner's lease acquired

by inheritance as of the dates approximating the dates of such acquirement. The values shown by this testimony ranged from $50,000 to $84,000 in the opinion of four of the witnesses. Two of the witnesses expressed the opinion that there was an annual profit in the petitioner's lease of from $6,000 to $8,000 per year. These witnesses went into much detail as to the manner in which they made up their opinions of value. They took into consideration the value of the property, of the land and building, and of other land and buildings in the neighborhood. They also considered facts respecting actual lease transactions made in the immediate vicinity of the petitioner's store, and were substantially unanimous in the opinion that the landlords could have made a lease in March, 1917, of the store property controlled by the petitioner on the basis of $14,000 or $15,000 per year. Some of these witnesses took into consideration the facts concerning the additional store space leased by the petitioner in September, 1917, and two of them testified that the corner floor space had a value over and above the adjoining inside floor space equivalent to 50 per cent of the value of the inside space.

Analyzing the facts respecting the lease acquired by the petitioner by inheritance and the facts concerning the lease made by the petitioner in September, 1917, it is found that for the period from March 2, 1917, to April 30, 1928, under the original lease the total rental payments for the 11 years and 2 months aggregate $88,166.66. Under the terms of the lease made by the petitioner in September, 1917, at the value rental of $6,000 per year, beginning October 1, 1917, if extended to March 2, 1917, the total of the rentals to be paid would be $66,000, or an equivalent of $98.50 per square foot. If the differential in favor of corner floor space in this case is taken to be 33⅓ per cent of the rental value of the inside space, and the petitioner were making a new lease of the corner space in March, 1917, he would be required to pay for the term of 11 years and 2 months $131.33 per square foot, which for 1,100 square feet of floor space would make his total rent equal $144,463, which is $56,297 more than the rents which he must pay under the original lease. This $56,297 averaged over the period of 11 years and 2 months and reduced to present value by generally accepted discount formula produces a present value of the difference between what petitioner must pay under his present lease and what he might be required to pay under a new lease made in March, 1917, in the amount of $33,200. *Northern Hotel Co.*, 3 B. T. A. 1099.

We, therefore, are of the opinion that on March 2, 1917, the lease acquired by the petitioner by inheritance had a fair cash value in the amount of $33,200, and that in computing the gain or loss from the sale of a one-sixth interest in the petitioner's business, including

a one-sixth interest in this lease, it should be computed by including in the assets sold the lease at the above stated value.

> *The deficiency may be recomputed in accordance with the foregoing findings of fact and opinion upon 15 days' notice, pursuant to Rule 50, and judgment will be entered accordingly.*